the Company's other inquiries as to the union sentiments of its employees, its refusal to recognize and bargain with the certified representatives of the employees and the unilateral changing of the rules as to the Company's motor vehicles, we think there is substantial evidence to support a finding of unlawful coercion which is proscribed by Section 8(a) (1) of the Act. N. L. R. B. v. Henry Colder Co., 416 F.2d 750, 753 (7 Cir., 1969).

We hold that judgment should issue denying the Company's petition for review and that the order of the Board be

Enforced.

R. P. Herndon, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

John David **RANKIN**, Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, etc., Respondent-Appellee.

No. 31058.

United States Court of Appeals, Fifth Circuit.

April 7, 1971.

Caesar **STANSEL**, Jr., Defendant-Appellant,

v.

**UNITED STATES** of America, Plaintiff-Appellee.

No. 30567
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 30, 1971.

John D. Rankin, pro se.

---

\* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

I. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F. 2d 966.